1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD CASEY,

11           Plaintiff,                    No. CIV S-08-2830 KJM

12       vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15           Defendant.                    ORDER

16   _____/

17           Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under

19   Title II of the Social Security Act ("Act").   For the reasons discussed below, the court will grant

20   plaintiff's motion for remand, deny the Commissioner's cross-motion for summary judgment,

21   and remand this matter under sentence four of 42 U.S.C. § 405(g) for immediate payment of

22   benefits.

23   /////

24   /////

25   /////

26   /////

                                    1

I. Factual and Procedural Background

In a decision dated June 5, 2008, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment of chronic fatigue syndrome but this impairment does not meet or medically equal a listed impairment; plaintiff is not credible; plaintiff has the residual functional capacity to perform light work; plaintiff can perform his past relevant work as a salesman and sales manager; and plaintiff is not disabled.  Administrative Transcript ("AT") 14-28.  Plaintiff contends the ALJ improperly

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

rejected the opinion of a treating physician, among other errors.  Plaintiff's contention in this regard is dispositive and requires remand of this matter.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

A.  Medical Opinion

Plaintiff  contends the ALJ improperly rejected the opinion of his treating physician, Dr. Green.  The weight given to medical opinions depends in part on whether they are

1  proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821,

2  830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional,

3  who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v.

4  Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

5         To evaluate whether an ALJ properly rejected a medical opinion, in addition to

6  considering its source, the court considers whether (1) contradictory opinions are in the record,

7  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

8  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

9  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

10  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at

11  830.  While a treating professional's opinion generally is accorded superior weight, if it is

12  contradicted by a supported examining professional's opinion (e.g., supported by different

13  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

14  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

15  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

16  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

17  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

18  non-examining professional, without other evidence, is insufficient to reject the opinion of a

19  treating or examining professional.  Lester, 81 F.3d at 831.

20         Dr. Green, plaintiff's treating physician at the Veteran's Administration, opined in

21  numerous forms filled out for plaintiff's private disability insurer that plaintiff was severely

22  limited in his capacity for sitting, standing and walking due to chronic fatigue syndrome.

23  AT 525-538.[2]  Dr. Green repeatedly set forth this opinion in forms dating from 1995 to 2000.[3]

24

25     [2]  While defendant is correct that Dr. Green's vocational assessment that plaintiff was
26  disabled is a matter reserved for the Commissioner, Dr. Green also rendered a medical opinion as to plaintiff's functional limitations, which must be analyzed within the confines of the

1    Id. The ALJ accorded minimal weight to Dr. Green's opinion and instead adopted the opinion of

2    Dr. Bloom, who testified at the hearing after reviewing plaintiff's medical records.  AT 21-22,

3    601-606.  Dr. Bloom did not examine the plaintiff and made no independent findings.  Although

4    Dr. Bloom suggested an alternative diagnosis of fibromyalgia, there is no indication in the record

5    that this doctor has a particular expertise in this area.  AT 59 (board certified in internal

6    medicine); AT 603 (Dr. Bloom opined plaintiff had probable fibromyalgia); see Benecke v.

7    Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004) (rheumatology relevant specialty for

8    fibromyalgia); 20 C.F.R. § 404.1527(d)(5).  Unlike Dr. Green, who opined as to specific

9    functional limitations with respect to standing, sitting, walking, lifting and carrying, Dr. Bloom

10    offered only an inconsistent opinion that plaintiff could sit and stand four hours, or maybe stand

11    for four to six hours, but could perform light work.[4]  AT 525, 527, 529, 531, 533; cf. AT 605-

12    606.  The limitations assessed by Dr. Bloom are inconsistent with the finding of the ALJ that

13    plaintiff could perform the full range of light work.  AT 24.

14       The Appeals Council remanded this matter to the ALJ for specific evaluation of

15    plaintiff's chronic fatigue syndrome under the parameters set forth in Social Security Ruling

16    ("SSR") 99-2p.  AT 46.  That ruling provides in pertinent part that:

17
18          [T]he current CDC definition of CFS requires the
concurrence of 4 or more of the following symptoms, all of which
must have persisted or recurred during 6 or more consecutive
months of illness and must not have pre-dated the fatigue:
19

20    regulations governing record medical opinions.

21
22      [3]  Dr. Green continued to opine that plaintiff was severely limited after the year 2000 but
for purposes of the pending matter, plaintiff's date of last insured was December 31, 2000.  AT
18.
23

24      [4]  SSR 83-10 provides in pertinent part:  "The regulations define light work as lifting no
more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10
25 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this
category when it requires a good deal of walking or standing--the primary difference between
26 sedentary and most light jobs. . . . The full range of light work requires standing or walking, off
and on, for a total of approximately 6 hours of an 8-hour workday. "

Self-reported impairment in short-term memory or concentration severe enough to cause substantial reduction in previous levels of occupational, educational, social, or personal activities;

Sore throat;

Tender cervical or axillary lymph nodes;

Muscle pain;

Multi-joint pain without joint swelling or redness;

Headaches of a new type, pattern, or severity;

Unrefreshing sleep; and

Postexertional malaise lasting more than 24 hours.

Within these parameters, an individual with CFS can also exhibit a wide range of other manifestations, such as muscle weakness, swollen underarm (axillary) glands, sleep disturbances, visual difficulties (trouble focusing or severe photosensitivity), orthostatic intolerance (e.g., lightheadedness or increased fatigue with prolonged standing), other neurocognitive problems (e.g., difficulty comprehending and processing information), fainting, dizziness, and mental problems (e.g., depression, irritability, anxiety). . . .

For purposes of Social Security disability evaluation, one or more of the following medical signs clinically documented over a period of at least 6 consecutive months establishes the existence of a medically determinable impairment for individuals with CFS:

Palpably swollen or tender lymph nodes on physical examination;

Nonexudative pharyngitis;

Persistent, reproducible muscle tenderness on repeated examinations, including the presence of positive tender points; or,

Any other medical signs that are consistent with medically accepted clinical practice and are consistent with the other evidence in the case record.

SSR 99-2p.

/////

6

The ALJ failed to discuss the numerous symptoms evident in the medical record that are consistent with the findings required under SSR 99-2p and failed to inquire of the testifying expert as to whether any of these factors were present.  AT 602-606.  In adopting Dr. Bloom's opinion, it appears the ALJ ignored plaintiff's symptoms including an enlarged epitrochlear lymph node, arthritic type pains and arthralgias, depression, extended need for sleep of up to twenty hours per day of several years' duration, and neurocognitive defects.   AT 204, 207, 208, 214, 425, 427, 430-435, 509.  Dr. Bloom and the ALJ also failed to consider that, consonant with the prescriptions of SSR 99-2p, the diagnosis of chronic fatigue syndrome was made only after alternative causes had been ruled out.  See, e.g., AT 427 (rule out liver and thyroid problems as cause of chronic fatigue), 430 (rule out hepatitis), 434 (rule out lyme disease), 435-436 (rule out multiple sclerosis).

The ALJ was correct in observing that the ultimate determination of disability rests with the Commissioner.  AT 21.  In light of the medical record, however, relying on Dr. Bloom's testimony, as the basis for rejecting Dr. Green's opinion regarding plaintiff's functional limitations, is not a specific and legitimate reason supported by substantial evidence.  See Orn v. Astrue, 495 F.3d 625 (9th Cir. 2007).[5]

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).  Here, the ALJ improperly rejected the opinion of Dr. Green.  Where the ALJ

---

[5]  Defendant also advances arguments in the opposition seeking to undermine the validity of Dr. Greens functional assessments.  Opposition at 6:2-15.  These reasons were not articulated by the ALJ and post-hoc rationalizations will not be considered by this court.

"fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the court] credit[s] that opinion as a matter of law."   Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).   As acknowledged by the ALJ, if Dr. Green's opinion with respect to plaintiff's functional limitations is credited, plaintiff would be unable to perform even sedentary work. AT 21.  In remanding previously, the Appeals Council specifically directed the ALJ to consider the provisions of Social Security Rule 99-2p.  AT 45.  While the ALJ superficially referenced this rule in his decision, the ALJ failed to discuss the factors set forth in the rule.  AT 22.  The court finds that under these circumstances, no useful purpose would be served by further administrative proceedings.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for remand is granted.

2.  The Commissioner's cross-motion for summary judgment is denied.

3.  This action is remanded to the Commissioner for immediate payment of benefits.

DATED:  March 28, 2010.

_____
U.S. MAGISTRATE JUDGE

006 casey.ss

8