IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CASEY,

      Plaintiff,                        No. CIV S-08-2830 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                 <u>ORDER</u>

          Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $6,607.34[1] based on 2.2 hours for 2008 at the rate of $172.85 per hour for attorney time and 38.65 hours for 2009 and 2010 at the rate of $172.24 per hour for attorney time. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that plaintiff cannot be compensated for hours spent on issues not reached by the court in deciding the

/////

---

[1] The amounts claimed in plaintiff's exhibit two submitted in support of the motion do not add up to the total amount claimed in the body of the motion. In determining the proper amount of fee to be awarded in this matter, the court has relied on the itemized amounts in the exhibit.

1

motion for summary judgment. In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

### A. Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for immediate payment of benefits pursuant to the order of the court on cross-motions for summary judgment. See Order filed March 29, 2010. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

1  other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government
2  action was not substantially justified, it is unnecessary to determine whether the government's
3  litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.
4  1988).

5　　　　　Defendant contends the government's position was substantially justified.  In
6  support of this contention, defendant argues the same contentions submitted in support of the
7  government's cross-motion for summary judgment.  Although defendant is correct that the
8  government can lose on the merits and its position still be substantially justified for purposes of
9  EAJA, defendant's argument in this instance is unavailing.  In reviewing the entire evidentiary
10 record, briefing on the cross-motions for summary judgment and order granting remand in this
11 case, the court has determined defendant's position had no reasonable basis in either law or fact.
12 The ALJ ignored significant aspects of the medical evidence despite an Appeals Council remand
13 for specific evaluation of plaintiff's chronic fatigue syndrome.  See, e.g., Sampson v. Chater, 103
14 F.3d 918 (9th Cir. 1996) (position not justified where ALJ mischaracterized medical evidence).
15 Although there were repeated assessments by plaintiff's treating physician that plaintiff was
16 severely limited in several functional capacities, the ALJ rejected this opinion and adopted
17 instead the opinion of a nontreating, nonexamining physician, who had no particular expertise in
18 the medical area of concern.  The government's position thus was not substantially justified and
19 fees under the EAJA will be awarded.

20　　　　　B.  Reasonable Fee

21　　　　　The EAJA directs the court to award a reasonable fee.  In determining whether a
22 fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the
23 results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart,
24 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant does not contest
25 the hourly rate claimed but contends the fee award provisions of EAJA are not available with
26 respect to issues not actually adjudicated.  This contention is well taken.  See Hardisty v. Astrue,

592 F.3d 1072, 1077 (9th Cir. 2010).  In remanding this matter for immediate payment of benefits, the court found dispositive the issue of the ALJ's rejecting the opinion of a treating physician.  With respect to plaintiff's counsel's time reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, as well as the time expended on tasks as set forth in counsel's schedule of hours, the court has determined the hours claimed are reasonable.  The court has determined, however, that six of the hours claimed in 2009 were devoted to issues not addressed by the court.  Accordingly, the number of hours compensated will be reduced to 32.65 hours at the hourly rate of $172.24 plus 2.2 hours at the hourly rate of $172.85.  The EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010).

   Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $6,003.91.

DATED:  July 22, 2010.

_____
U.S. MAGISTRATE JUDGE

006
casey.fee