1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD CASEY,

11          Plaintiff,                    No. CIV 08-2830 KJM

12     vs.

13

     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,        ORDER

15          Defendant.
                                        /
16

          Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action
17

seeks an award of attorney's fees in the amount of $14,808.75 for 40.85 hours of professional
18

time[1] devoted to the representation of plaintiff before this court.  Counsel concedes that this
19

amount should be offset in the amount of $6,003.91 for fees previously awarded under EAJA.
20

          42 U.S.C. § 406(b)(1)(A) provides, in relevant part:
21

          Whenever a court renders a judgment favorable to a claimant under
22        this subchapter who was represented before the court by an
          attorney, the court may determine and allow as part of its judgment
23        a reasonable fee for such representation, not in excess of 25 percent
          of the total of the past-due benefits to which the claimant is entitled
24        by reason of such judgment.

25

          [1]  The amount of hours claimed was submitted in connection with plaintiff's prior motion
26   for an award of fees under EAJA. See Docket no. 27.

                                        1

1   Rather than being paid by the government, fees under the Social Security Act are awarded out of

2   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

3   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

4   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

5   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

6   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

7   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

8   agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

9   show that the fee sought is reasonable for the services rendered." Id. at 807.

10          Counsel seeks fees for 40.85 hours.  Based on the quality of counsel's

11   representation and the results achieved in this case, the undersigned finds the amount of hours

12   expended to be reasonable.  The hourly rate of $362.51 is also reasonable.  Accordingly, the

13   undersigned will award the amount of attorney's fees requested.

14          Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded

15   $14,808.75 in attorney's fees pursuant to 28 U.S.C. § 406, to be offset in the amount of

16   $6,003.91 previously awarded under EAJA.

17   DATED:  October 13, 2010.

18

19

20   _____
     U.S. MAGISTRATE JUDGE

21

22

23

24

25

26   006
     casey.406fee